**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000367
16-JAN-2024
07:53 AM
Dkt. 50 SO**

NO. CAAP-19-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


EDMUND M. ABORDO, Plaintiff-Appellant,
and
CEDRIC AH SING, Plaintiff-Appellee,
v.
DEPARTMENT OF PUBLIC SAFETY (DPS)
MAINLAND BRANCH ADMINISTRATOR SHAIR KIMOTO,
CCA WARDEN TODD THOMAS, MAIL ROOM CLERK FOR SCC C. ROBERTSON,
CCA UNIT MANAGER R. COOK, C/O C. HOSKINS, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2207)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Edmund M. Abordo, self-represented, (**Abordo**) appeals from the November 27, 2019 Judgment entered (on temporary remand) by the Circuit Court of the First Circuit (**Circuit Court**).[1] Judgment was entered against Abordo and Plaintiff-Appellee Cedric Ah Sing, and in favor of Defendants-Appellees Department of Public Safety (**DPS**), DPS Mainland Branch Administrator Shari Kimoto, Warden Todd Thomas, Mail Room Clerk C. Robertson, Correctional Officer C. Hoskins, and Unit Manager

---

[1]     The Honorable Gary W.B. Chang presided.

R. Cook (collectively, **Defendants**). Abordo also appears to challenge: (1) the December 21, 2018 Order of Dismissal Without Prejudice for Failure to Prosecute (**Dismissal Order**); and (2) the May 13, 2019 Order Denying Plaintiffs' Motion to Reinstate the Plaintiff's Case Per the Order of the Court Dismissing Without Prejudice Non-Hearing Motion (**Order Denying Reinstatement**).

Abordo does not state points of error in compliance with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), instead raising several questions, some of which cannot be discerned as alleging error.[2] It appears that Abordo contends that: (1) the Circuit Court abused its discretion in entering the Dismissal Order because the Circuit Court did not serve the Defendants with Abordo's complaint; and (2) the Circuit Court abused its discretion in entering the Order Denying Reinstatement because the order was entered in retaliation for Abordo's filing of a petition for writ of mandamus.

Upon careful review of the record and the submissions of the parties, and having given due consideration to the arguments advanced and the issues raised by Abordo, we resolve Abordo's appeal as follows:

(1) Abordo contends, in essence, that the Circuit Court abused its discretion in dismissing Abordo's complaint without prejudice for lack of prosecution (more than six years after the complaint was filed) because the Circuit Court was

---

[2] The Hawaiʻi Supreme Court has held that pleadings prepared by self-represented litigants should be interpreted liberally, and such parties should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 381, 465 P.3d 815, 828 (2020). Therefore, we address Abordo's arguments to the extent we can discern them.

required to serve the complaint on the Defendants pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40(d) and failed to do so.[3]  This argument is without merit.

HRPP Rule 40(c)(3) states:

> (3) SEPARATE CAUSE OF ACTION.  If a post-conviction petition alleges neither illegality of judgment nor illegality of post-conviction "custody" or "restraint" but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule.  However, where a petition seeks relief of the nature provided by this rule and simultaneously pleads a separate claim or claims under a civil rights statute or other separate cause of action, the latter claim or claims shall be ordered transferred by the court for disposition under the civil rules.

Here, the complaint does not allege an illegal judgment or illegal "post-conviction 'custody' or 'restraint,'" but rather asserted that Abordo and Ah Sing were entitled to compensatory and punitive damages from Defendants for the illegal seizure of Abordo and Ah Sing's legal mail.  Accordingly, although the complaint nominally referenced HRPP Rule 40, pursuant to HRPP Rule 40(c)(3), the Circuit Court properly disposed of the case under the Hawaiʻi Rules of Civil Procedure.

(2)  Abordo contends that the Circuit Court's denial of his motion to reinstate the civil case against Defendants was a vindictive act due to Abordo's filing of a petition for writ of

---

[3]     HRPP Rule 40(d) provides:

> **(d)  Response.**  The State of Hawaiʻi shall be named as the respondent in the petition, and the petitioner shall serve the petition on the respondent by delivering a filed copy thereof to the prosecutor.  Service may be made by the attorney for the petitioner, or the petitioner in a pro se case.  If it appears that the petitioner is unable to effect prompt service of a filed copy of the petition or other pleading under this rule, the court shall direct court staff to effect service on behalf of the petitioner.

mandamus against the Circuit Court.  Abordo offers no support for this bare allegation, and we find none.

For these reasons, the Circuit Court's November 27, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, January 16, 2024.

On the briefs:

Edmund M. Abordo,
Plaintiff-Appellant, *Pro se.*

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge